UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THEODORE T. LATIMORE,

                Plaintiff,

-against-

LAKEVIEW SHOCK CORRECTIONAL
FACILITY; O. SALGADO; D. FURGUSON,

                Defendant.

24-CV-5022 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Altona Correctional Facility, brings this *pro se* action asserting claims that arose at Lakeview Shock Correctional Facility in Chautauqua County, New York. Plaintiff sues Lakeview Shock Correctional Facility and two offender rehabilitation coordinators who worked there.  For the following reasons, the Court transfers this action, under 28 U.S.C. § 1406, to the United States District Court for the Western District of New York.

## DISCUSSION

Under the general venue statute, a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For purposes of venue, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that in May 2023, while he was incarcerated at Lakeview Shock Correctional Facility, Defendants created a new risk assessment packet that changed his status from a low-risk violent felony offender to a high-risk violent felony offender. Plaintiff sues Lakeview Shock Correctional Facility and two of its employees, providing addresses for all three defendants in Brocton, New York, outside this district. It therefore appears that venue is not proper in this district under Section 1391(b)(1) based on the residence of defendants.

Venue is also not proper in this district under Section 1391(b)(2) because all of the events giving rise to Plaintiff's claims are alleged to have taken place outside this district, at Lakeview Shock Correctional Facility, in Chautauqua County, New York. Chautauqua County is in the Western District of New York. 28 U.S.C. § 112(d). Because Plaintiff's claims arose in Chautauqua County, venue of this action does lie in the Western District of New York under Section 1391(b)(2).

Where a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). In the interest of justice, the Court transfers this action to the United States District Court for the Western District of New York, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Western District of New York. 28 U.S.C. § 1406(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 2, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge